Michael G. OLESON, Plaintiff,

v.

KMART CORPORATION, Martha
Engnehl, Defendants.

No. 96–4066–SAC.

United States District Court,
D. Kansas,
Topeka Division.

July 7, 1999.

Matthew D. All, Kansas Insurance Department, Topeka, KS, Scott J. Bloch, Andrew R. Ramirez, Stevens & Brand, L.L.P., Lawrence, KS, for plaintiff.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On March 31, 1999, this court entered a memorandum and order which decided a number of pending motions in this case. *See Oleson v. Kmart Corp.*, 185 F.R.D. 631 (D.Kan.1999). In that decision, the court found the defendants' dispositive motions procedurally deficient in several respects. Expressing no opinion on the merits of the defendants' arguments, the court denied the dispositive motions filed by the defendants. Three motions (Defendant's objection to order of Magistrate (Dk. 185); Motion for review of Magistrate's memorandum and order (Doc. 356) (Dk. 357); Motion for review of Magistrate's memorandum and order (Doc. 359) (Dk. 360)) remained under advisement.[1]

This case comes before the court upon the defendants' motion to reconsider in which they ask the court to reexamine its decision denying their dispositive motions on procedural grounds (Dk. 370). The defendants contend that reconsideration is necessary to prevent manifest injustice. The defendants believe that they "have raised meritorious issues which will conserve judicial economy by streamlining the issues litigated at trial." The defendants claim that they never intended to violate this court's page limitations and that the number and volume of dispositive motions are attributable to the fact that the plaintiff amended his claims on more than one occasion. The defendants suggest that if the court would reconsider its decision which denied their request to file an amended memorandum in support of their motion for summary judgment, it would substantially shorten or obviate the need for a trial which may last twenty days or more.

---

1. These motions remain under advisement.

The plaintiff opposes the defendant's motion. The plaintiff argues that the "court should deny the [defendants'] motion because no judicial economy will be preserved in having the court spend countless hours responding to three separate motions for summary judgment, a thousand pages of attachments, sorting out numerous motions to strike and to expand the page limitations." The plaintiff correctly notes that the defendants "were in violation of the court's page limitation for summary judgment motions before they ever filed their motion to file an amended motion for summary judgment." The plaintiff characterizes the defendants' claims of shortening this case as a "false promise." "Whether the case contains the various [claims] for relief or not, the witnesses and evidence will be the same because this is an employment case concerning the injury on the job of an employee and defendants' violation of law arising out of that injury on the job. This necessarily brings in questions of work history, treatment of others, medical testimony, and the like." Plaintiff's Response brief (Dk. 371 at 2). In short, the plaintiff contends that this motion to reconsider is just another example of the defendants' frivolous motion practice which damages the court and that delays and impairs the administration of justice.

### Analysis

The defendants have not persuaded the court that its March 31, 1999, decision was wrongly decided. Whether by design or not, the defendants' piecemeal filing of dispositive motions greatly exceed the number of pages permitted by this court's reasonable page limitations. Although it is true that the plaintiff's claims have changed across time, it was for the court, not the defendants, to decide whether it was appropriate to permit the filing of additional motions and accompanying briefs that exceeded the court's page limitations.

The defendants' motion to reconsider does not expressly address the other concerns identified by the court in its March 31, 1999, decision. The defendants' "motions to dismiss, or in the alternative, motions for summary judgment" are in reality motions for summary judgment. Because the defendants' statement of uncontroverted facts generally appears for the first time in their reply brief, the court deems it unfair to the non-moving plaintiff to consider those facts to which he does not have an opportunity to respond.

In short, the court is not convinced that it is fair to the plaintiff to permit the defendants to enjoy the equivalent of one more round of dispositive motions. Nor is the court convinced that the interests of judicial economy will be served by the court's investment of several weeks of its time to slog through the mass of dispositive motions and related pleadings filed by the defendants. This observation is particularly true in light of the inordinate amount of time required to decide the other pending motions in this case. In many respects, the briefing practices used by the parties in this case (such as incorporating all previous arguments advanced in prior pleadings but failing to provide this court with copies of those pleadings) should not be viewed as paradigms for the future.

Moreover, based upon the court's understanding of the plaintiff's case, it appears that much of the evidence the plaintiff will ostensibly offer at trial is potentially relevant to one or more of his claims. Assuming, *arguendo*, that the defendants prevailed on one or more aspects of their motion for summary judgment, the elimination of those claims would not necessarily result in the substantial savings of time suggested by the defendants. At trial, the defendants may seek judgment as a matter of law on any claims unsupported by law or fact.

The court denies the defendants' motion for reconsideration.

### Trial Setting

The magistrate judge is currently in the process of drafting the proposed final pretrial order. This court is still in the process of analyzing the non-dispositive motions pending for review. Although the pretrial order has not yet been entered, there appears to be a sufficient block of time in the court's busy docket to try this case during the month of September. This case is set for trial on September 8, 1999, to commence at

1:30 p.m. Counsel shall meet in chambers at 1:00 p.m. on September 8, 1999, to resolve any outstanding matters. This court will hold a pretrial status conference in chambers on August 20, 1999, at 2:30 p.m.

IT IS THEREFORE ORDERED that the defendants' motion for reconsideration and memorandum in support of motion for reconsideration (Dk.370) is denied.